# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-32220-WRS
                                                         Chapter 7
CUSTOM SERVICES
INTERNATIONAL, INC.,

      Debtor.

## MEMORANDUM DECISION

This Chapter 7 case is before the Court upon Attorney Jason Wallach's motion to reconsider (Doc. 152) this Court's Order disallowing fees (Doc. 149). For the reasons set forth below, the Court's August 17, 2006 Order disallowing fees is affirmed, and the motion to reconsider is DENIED.

## I. BACKGROUND

On March 28, 2005, Custom Services International (CSI) filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in Nevada. On August 2, 2005, the Bankruptcy Court in Nevada transferred the case to this Court. (Doc. 1). The case was subsequently converted to one under Chapter 7 on November 8, 2005. (Doc. 47).

Attorneys Ron Schlager and Jason Wallach represented CSI in the bankruptcy case and also in a civil action in the District Court. See Presidential Finance Corp. v. Custom Services International, et al., Case No. 05-CV-87, in the United States District Court for the Middle District of Alabama. Schlager and Wallach both filed applications for compensation. Schlager sought fees and expenses in the amount of $26,583.85. (Doc. 83). Wallach sought fees and expenses in the amount of $52,194.46. (Doc. 104). The Chapter 7 Trustee Daniel Hamm filed an objection to the fee applications. (Docs.

139, 140).

On August 17, 2006, this Court entered an Order and Memorandum Decision disallowing Schlager's fees entirely, due to his undisclosed conflict of interest. (Docs. 147, 148). Furthermore, the Court reduced Wallach's fees to $33,864.46, disallowing fees for 56.2 hours of time he spent defending Nevada as a proper venue, which this Court believes was done in bad faith. (Docs. 147, 149).

On August 29, 2006, Wallach filed a motion to reconsider. (Doc. 152). On August 30, 2006, Schlager filed a motion to reconsider (Doc. 153), but on September 11, 2006, he filed a "Motion to Withdraw Motion for Reconsideration and Amend; Declaration of Ron Schlager in Support of Request." (Doc. 163). On September 19, 2006, this Court held a hearing on the motion to reconsider. Trustee Dan Hamm was present, along with Schlager, who was present in person and by counsel Mark Williams. Wallach appeared by telephone.

## II. CONCLUSIONS OF LAW

Wallach alleges two grounds for reconsideration. First, he argues that the Court's conclusion that CSI was never attempting to reorganize was incorrect. He asserts that reorganization was always the goal of the Chapter 11 bankruptcy prior to the conversion to Chapter 7. Second, Wallach argues that the Court's conclusion that the choice of Nevada as a venue was done in bad faith was incorrect. He asserts that the venue issue was litigated properly and in good faith, providing several reasons for Nevada venue. As

2

this Court's order disallowing the fees was not based on whether there was a valid attempt to reorganize, the Court will not address that issue.[1]

Compensation paid to attorneys is governed by the provisions of 11 U.S.C. § 330. Section 330 provides, in relevant part: "[T]he court shall not allow compensation for . . . (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A); see also, In re Southern Diesel, Inc., 309 B.R. 810, 812 (Bankr. M.D. Ala. 2004) (holding that an applicant will only be compensated for necessary services). Furthermore, section 330 also provides that the "court may, on its own motion . . . award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). "Where no one files an objection to a fee application, the Bankruptcy Court has the duty to review the request to determine whether the attorney is seeking reasonable compensation." In re Paul, 141 B.R. 299, 301 (E.D. Penn. 1992).

As this Court noted in its August 17, 2006 Order, Wallach spent considerable time defending against the multiple motions to transfer venue for Nevada to Alabama. Wallach spent 56.2 hours at a rate of $300.00 per hour, charging a total of $16,860.00, on the venue issue. As such, this Court disallowed those fees. It is important to note that this case originally began as a Chapter 11 case in Nevada. CSI owned a condom factory in Eufaula, Alabama, and CSI was sued civilly in the Middle District of Alabama, which

---

[1] In the August 17, 2006 Memorandum Decision, this Court pointed out that "[g]iven that there was never any hope of reorganization . . . the Court is of the view that an allowance of compensation for 96 hours is more than fair given the facts of this case." (Doc. 147). However, the reduced fees ($16,860.00 and $1,470.00) were not based on whether the reorganization efforts were valid. The only reduced fees were for 56.2 hours spent defending Nevada as a proper venue and the 4.9 hours spent performing post-conversion services. Wallach has not appealed the disallowance of fees for post-conversion services.

3

appears to have triggered the bankruptcy filing. Wallach attempts to argue that venue in Nevada was proper under 28 U.S.C. § 1408,[2] because CSI was incorporated in Nevada and had its executive offices in Nevada from 1993 until four months before the bankruptcy petition was filed.

Based on the record, this Court concluded that filing the bankruptcy petition in Nevada was done in bad faith, because it was an inconvenient venue for all involved, including the debtor. Also, this Court found that Nevada was chosen to maximize the inconvenience to the creditors. See Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.), 849 F.2d 1393, 1395 (11th Cir. 1988) ("Although perhaps technically proper, the choice to file the petition so far from where the property and creditors are located may itself be evidence of bad faith").

Wallach argues that the conclusion that defending venue in Nevada was bad faith is not based on evidence. However, in determining the reasonableness of fees and fee applications, this Court only looks at the fee application itself, not evidence. A bankruptcy judge is "required to make a discrete inquiry into every attorney fee

---

[2] 28 U.S.C. § 1408 provides in part:

A case under title 11 may be commenced in the district court for the district—

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

application. . . . The responsibility of a judge is to examine fee applications and make equitable awards of attorney fees." Carlson & Assocs. v. U.S. Bankruptcy Court (In re Zamora), 251 B.R. 591, 596 (D. Colo. 2000). After carefully examining Wallach's fee application, this Court again concludes that he is not entitled to fees for time spent defending venue in Nevada, as these services were not necessary or beneficial to CSI. See 11 U.S.C. § 330(a)(4)(A).

As a further matter, this Court will accept Schlager's representations made at the September 19, 2006 hearing that his conflict of interest in representing CSI and Michael Brown was unintentional. However, this Court will not amend or reverse its disallowance of Schlager's fees.

### III. CONCLUSION

As this Court has found no ground upon which to justify reconsideration, the motion is DENIED. The Court will enter an order on a separate document in accordance with Rule 9021, FED. R. BANKR. P.

Done this the 26th day of January, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge